United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>              v.<br><br>Dante Starks,<br><br>       Defendant. | Criminal Action No.<br>18-10266-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is a pro se motion of defendant Dante Starks ("defendant" or "Starks") for the recusal of the judicial officer assigned to this case.

I. **Background**

With the Court's permission, defendant has filed a pro se motion for recusal. Defendant alleges that in January, 2019, the attorney then-appointed to represent him, Roberto Braceras, made several comments which caused defendant to question this judicial officer's impartiality. Specifically, Starks contends that Attorney Braceras, who is a former law clerk of the assigned judge, stated that the judge used the phrase "affirmative action friend" to describe Attorney Braceras.

- 1 -

In the affidavit in support of his motion, Starks recounts the alleged offending comments with specificity. He concedes that Attorney Braceras insisted, on several occasions, that Braceras did not make the comments as alleged by defendant. In a letter to defendant, which Starks attached to his motion, an associate of Attorney Braceras explains that both he and Braceras have repeatedly told defendant that Braceras did not make the alleged comments and that there was no basis for recusal.

## II. Legal Standard

A United States judicial officer shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. A charge of partiality "must be supported by a factual basis" and a judicial officer should recuse himself

> only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.

In re United States, 666 F.2d 690, 695 (1st Cir. 1981). The standard is, therefore, an objective one. Id.

A district judge has a wide range of discretion in determining whether recusal is warranted so long as his decision

can be defended as a "rational conclusion supported by a reasonable reading of the record." Id.

### III. Application

This judicial officer takes seriously and conscientiously considers any claim of racial bias and lack of impartiality. Racial bias of any kind is unacceptable and must not be tolerated in our judicial system. The Court further recognizes that defendant has undoubtedly dealt with racism throughout his lifetime and is, therefore, keenly aware of the impact of racial bias.

The standard for recusal is an objective one and the serious charge of bias against a judicial officer must, therefore, be supported by reliable facts. Defendant, however, proffers no corroboration and concedes that the declarant, Attorney Braceras, vigorously denies defendant's allegations. Furthermore, defendant does not allege that such comments, if made, were hostile or directed toward defendant specifically or members of any minority generally. Such an unsupported accusation is insufficient to provide the reliable factual basis that must support a charge of partiality. See id.

Defendant has not, therefore, demonstrated that a reasonable, objective member of the public would doubt this

judicial officer's impartiality because of defendant's allegations. See United States v. Sampson, 148 F. Supp. 3d 75, 85-88 (D. Mass. 2015).

In any event, Starks' allegations are preserved in his complaint for judicial misconduct which remains pending before the Office of the Circuit Executive (Complaint No. 01-20-90006). That action will proceed simultaneously with this case and if any misconduct is found, Starks will have a corresponding remedy. Starks may also appeal final judgment in this case to the First Circuit Court of Appeals. If any misconduct or bias is found by the First Circuit, Starks will, again, have a corresponding remedy. In the meantime, this judicial officer, who is acutely aware of his obligation of impartiality, will continue to adjudicate this case without bias.

### ORDER

For the foregoing reasons, the pro se motion of defendant Dante Starks for recusal (Docket No. 90) and his corresponding motion for a hearing (Docket No. 91) are **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated August 18, 2020